■ In the Matter of the Claim of FANNIE FARBER, Appellant, v. U. S. TRUCKING CORPORATION, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The claimant appeals from a decision denying benefits on the ground that she was not the lawful widow of the decedent. When the claim was previously before us we reversed a finding in favor of the widow on the legal ground that the *nunc pro tunc* order of permission to remarry was ineffective to validate her ceremonial New York marriage. (See 20 A D 2d 740.) The board did not consider the purported common-law marriage in the State of Florida and we remitted. In 1942 the claimant's prior marriage to one Schecter was dissolved by a divorce proceeding in this State and the claimant was barred from remarriage during the lifetime of her spouse unless she received permission from the court. In 1949, without receiving such permission, she married the decedent and after filing the present compensation claim obtained the *nunc pro tunc* order. The board has now determined that the decedent and claimant did not enter into a common-law marriage during or as the result of a visit to the State of Florida and further, that the parties being of the opinion that they had entered into a valid ceremonial marital relationship, " had no reason to enter into a further mutual agreement *per verba de praesenti* in Florida to become husband and wife." We are of the opinion that the doctrine of *per verba de præsenti* (words of the present) has been misconstrued in the board's decision. There is evidence in the record to sustain a finding that the reason for the decedent and claimant going to Florida was to visit the claimant's daughter and son-in-law and that at a party in their honor the decedent recognized the claimant as his wife and indeed, gave her a watch as a token of his affection. We do not find that under the doctrine of *per verba de præsenti* it was necessary that they in Florida, make an affirmative declaration of their intent to be married. They were, to their way of thinking, already married and during their visit, recognized each other as husband and wife and gave indication of such a continuing relationship upon their return to New York. It is well established that if the parties desire marriage and do what they can to render their union matrimonial, but one of them is under a disability, their cohabitation thus matrimonially meant, and continued after the disability is removed, will, in law, make them husband and wife from the moment that such disability no longer exists, although there are no special circumstances to indicate that the parties expressly renewed their consent or changed their mode of living after the removal of the impediment. (*Matter of Dellaca* v. *Hughes Constr. Co.*, 11 A D 2d 828.) While the factual situation in *Matter of Weisel* v. *National Transp. Co.* (14 A D 2d 621) was somewhat different, the application of the principle of law was the same. The board's decision, being premised solely on the failure of the parties " to enter into a further mutual agreement *per verba de praesenti* in Florida to become husband and wife", was thus erroneously based. Decision reversed and matter remitted for a finding not inconsistent with this decision, with costs to appellant. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.